UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GREGORY ACKERS,

    Plaintiff,

        v.

YAHOO INC.,

    Defendant.

Case No. 16-cv-05811 NC

**REPORT AND RECOMMENDATION TO GRANT APPLICATION TO PROCEED IN FORMA PAUPERIS AND TO DISMISS COMPLAINT UNDER 28 U.S.C. § 1915 REVIEW**

Re: Dkt. Nos. 1, 2

Pro se plaintiff Gregory Ackers filed a civil complaint and a motion for leave to proceed in forma pauperis.  Dkt. Nos. 1, 2.  In his complaint, Ackers alleges that defendant Yahoo, Inc. engaged in computer fraud and abuse, wire fraud, breach of warranty, and negligence.  Dkt. No. 1.  This order is the Court's initial screening review for civil actions filed in forma pauperis.  For the reasons stated below, I recommend that the District Court Judge (1) GRANT Ackers' application to proceed in forma pauperis, and (2) DISMISS his complaint because it does not establish federal subject matter jurisdiction.

## I.    APPLICATION TO PROCEED IN FORMA PAUPERIS

Under 28 U.S.C. § 1915, a district court may authorize the commencement of a civil action in forma pauperis if it is satisfied that the would-be plaintiff cannot pay the filing fees necessary to pursue the action.  28 U.S.C. § 1915(a)(1).  Here, Ackers submitted the

Case No. 16-cv-05811 NC

United States District Court
Northern District of California

1    required documentation and it is evident from the application that the listed assets and

2    income are insufficient to enable him to pay the filing fees.  Dkt. No. 2.  Accordingly, I

3    recommend that the District Court Judge GRANT Ackers' application to proceed in forma

4    pauperis.

5    **II.    SCREENING UNDER 28 U.S.C. § 1915(e)(2)**

6           A complaint filed by any person proceeding in forma pauperis pursuant to 28

7    U.S.C. § 1915(a) is subject to a mandatory and sua sponte review and dismissal by the

8    Court if it is frivolous, malicious, fails to state a claim upon which relief may be granted,

9    or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §

10   1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

11          The Court first considers whether it possesses jurisdiction over this dispute.  The

12   federal courts are courts of "limited jurisdiction" and only have jurisdiction as authorized

13   by the Constitution and Congress.  *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365,

14   374 (1978).  The party seeking to invoke federal court jurisdiction (here, plaintiff Ackers)

15   has the burden of establishing that federal subject matter jurisdiction exists.  *Scott v.*

16   *Breeland*, 792 F.2d 925, 927 (9th Cir. 1986).  The Court must presume a lack of

17   jurisdiction until the plaintiff establishes otherwise.  *Id.*

18          Potential sources of subject matter jurisdiction in this case are: (1) diversity

19   jurisdiction, and (2) federal question jurisdiction.  Ackers alleges diversity jurisdiction

20   only.  I consider each jurisdictional source in turn.

21          Ackers alleges the Court has subject matter jurisdiction due to "complete diversity

22   of citizenship," and an amount in controversy exceeding $75,000.  *Id*. at 1-2.  "Diversity

23   jurisdiction" is assessed under 28 U.S.C. § 1332.  The court considers the citizenship of

24   each party to the lawsuit, and there must be "total diversity" of citizenship between each

25   plaintiff and each defendant, and the amount in controversy must exceed $75,000.

26   Corporations are deemed to be citizens of every state in which they are incorporated and

27   where they have their principal place of business.  28 U.S.C. § 1332(c)(1).

28          Here, Ackers is a citizen of California, and the complaint does not allege the

Case No. 16-cv-05811 NC              2

United States District Court
Northern District of California

"citizenship" of corporate defendant, Yahoo, Inc., but it does note Yahoo was formed in Delaware and conducts business in Santa Clara, California, where its corporate headquarters is located.  Dkt. No. 1 at 2.  If Ackers and Yahoo are both California citizens, then there is no diversity of citizenship.  The Court does, however, find that the complaint alleges an amount in controversy exceeding $75,000.

"Federal question" jurisdiction is assessed under 28 U.S.C. § 1331.  The federal district courts have jurisdiction "of all civil actions arising under the Constitution, laws or treaties of the United States."  28 U.S.C. § 1331.  A case "arises under" federal law if a "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  *Empire Healthcare Assur., Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006) (citations omitted).

Here, liberally construing Ackers' complaint, he does not present a federal question sufficient to establish subject matter jurisdiction.  The complaint states that defendants "engaged in COMPUTER FRAUD & ABUSE, WIRE FRAUD & BREACH OF CONTRACT by the complete lack of honorability & transparency in re; [defendant's] TERMS OF SERVICE.  The aforementioned complaint stands as a TORT CLAIM in re; [defendant's] NEGLIGENCE in protecting & informing their consumers."  Dkt. No. 1 at 1. While Ackers alleges violations of 18 U.S.C. §§ 1030 and 1343 in his complaint, the Court notes there is no private right of action for violations of § 1343, *see Reynolds v. Wilkerson*, No. 13-cv-04855 LHK, Dkt. No. 53, 2014 WL 4062771, at *4 (N.D. Cal. Aug. 14, 2014), though there is one available for § 1030, subject to several limitations, which Ackers has not addressed.  18 U.S.C. § 1030(g).  As pled, Ackers has not asserted facts to support a violation of § 1030, and has not provided the Court with a "short and plain statement" of his claim showing he is entitled to relief.  Fed. R. Civ. P. 8.  Furthermore, Ackers appears to allege violations of the Tariff Act, 19 U.S.C. § 1592.  Dkt. No. 1 at 3.  However, based on the plain language of the statute, that section sets forth civil penalties for making false statements to the United States or illegally importing merchandise.  19 U.S.C. §

United States District Court
Northern District of California

1   1592(a)(1).

2       In conclusion, I find that Ackers' complaint does not satisfy federal subject matter

3   jurisdiction.  It establishes neither a federal question nor diversity of citizenship.  "If

4   jurisdiction is lacking at the outset, the district court has no power to do anything with the

5   case except dismiss."  *Orff v. United States*, 358 F.3d 1137, 1149 (9th Cir. 2004).

6   Therefore, I recommend dismissing the suit for lack of jurisdiction.

7       Even if Ackers were able to establish federal jurisdiction, his complaint would also

8   need to be amended to comply with the pleading rules of Federal Rule of Civil Procedure

9   8.  Rule 8 requires the complaint to contain a short and plain statement of the claim

10  showing the pleader is entitled to relief.  Liberally construed, Ackers' complaint appears to

11  state law tort claims and violations of federal law.  However, the basis for these federal

12  violations is unclear and inadequately pled in the complaint.

## III.   CONCLUSION

14      This case will be reassigned to a District Court Judge because not all parties have

15  consented to proceed before a magistrate judge.  Dkt. No. 5.  I RECOMMEND that the

16  District Court Judge (1) GRANT the motion for leave to proceed in forma pauperis; and

17  (2) DISMISS the case for lack of federal subject matter jurisdiction with leave to amend.

18      Any party may object to this recommendation, but must do so within fourteen days

19  of being served.  Fed. R. Civ. P. 72(b).  A failure to file a timely objection will waive any

20  opposition to the recommendation.

21      Finally, the Court informs Ackers that the Federal Pro Se Program at the San Jose

22  Courthouse provides free information and limited-scope legal advice to pro se litigants in

23  federal civil cases.  The Federal Pro Se Program is available by appointment and on a

24  drop-in basis.  The Federal Pro Se Program is available at Room 2070 in the San Jose

25  United States Courthouse (Monday to Thursday 1:00 – 4:00 pm, on Friday by appointment

26  only), and The Law Foundation of Silicon Valley, 152 N. 3rd Street, 3rd Floor, San Jose,

27  CA (Monday to Thursday 9:00 am – 12:00 pm, on Friday by appointment only), or by

28  calling (408) 297-1480.

United States District Court
Northern District of California

1

**IT IS SO ORDERED.**

2

3    Dated:  October 28, 2016                    _____

4                                               NATHANAEL M. COUSINS
                                                United States Magistrate Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California