UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GREGORY ACKERS,<br><br>    Plaintiff,<br><br>    v.<br><br>YAHOO INC.,<br><br>    Defendant. | Case No. 16-cv-05811-BLF<br><br>**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION; GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS; DEFERRING SERVICE OF PROCESS BY THE UNITED STATES MARSHAL; AND DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>[Re: ECF 2, 8] |

    Plaintiff Gregory Ackers, proceeding pro se, filed this action on October 7, 2016. He filed an application to proceed in forma pauperis on the same date. The case initially was assigned to Magistrate Judge Nathanael M. Cousins, who issued a Report and Recommendation ("R&R") recommending that the application to proceed in forma pauperis be granted and that the complaint be dismissed with leave to amend following an initial screening pursuant to 28 U.S.C. § 1915(a). *See* R&R, ECF 8. The Certificate of Service docketed with the R&R shows that Plaintiff was served with the R&R by mail at his address of record. *See* COS, ECF 8-1. The case was reassigned to the undersigned judge. *See* Order Reassigning Case, ECF 7.

    Federal Rule of Civil Procedure 72(b)(2) provides that a party may file specific written objections to a magistrate judge's recommended disposition of a case within fourteen days after being served with a copy of the recommended disposition. Fed. R. Civ. P. 72(b)(2). No objections to the R&R have been filed and the deadline to object has elapsed. Plaintiff filed a "Notice of Appearance" on November 2, 2016, but that notice gives no indication that Plaintiff

intends to object to the R&R.  *See* Pl.'s Notice of Appearance, ECF 9.

This Court agrees with Judge Cousin's conclusion that Plaintiff has insufficient income and assets to pay the filing fee in this case, and on that basis it GRANTS Plaintiff's application to proceed in forma pauperis.  However, the Court will not order the United States Marshal to serve process on Defendant at this time given the Court's determination that the complaint is subject to dismissal with leave to amend, as discussed below.

The Court also agrees with Judge Cousin's conclusions that Plaintiff has failed to allege facts sufficient to establish diversity jurisdiction or to state a viable federal claim, and that the complaint should be dismissed with leave to amend.  Plaintiff asserts diversity jurisdiction under 28 U.S.C. § 1332, which confers federal subject matter jurisdiction over civil actions between "citizens of different States" where the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332(a).  However, Plaintiff alleges that he resides in California and that Defendant Yahoo! Inc. maintains its corporate headquarters in California.  A corporation is a citizen of the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  Consequently, it appears on the face of the complaint that there is no diversity of citizenship between Plaintiff and Defendant.

Although Plaintiff does not assert federal question jurisdiction expressly in his complaint, Judge Cousins properly considered whether federal question jurisdiction exists under 28 U.S.C. § 1331 given that the complaint contains two federal statutory claims.  However, both of those claims are inadequate.  Claim 1 for Computer Fraud & Abuse, asserted under 18 U.S.C. § 1030, consists of a single sentence that does not allege facts sufficient to state a claim under § 1030.  Claim 2 for Wire Fraud, asserted under 18 U.S.C. § 1343, fails because there is no private civil right of action for violations of § 1343.  *See Valero v. Bac Home Loans Servicing, LP*, No. 13-16163, 2016 WL 3450204, at *1 (9th Cir. June 23, 2016).  Absent a viable federal claim, this Court declines to exercise supplemental jurisdiction over Plaintiff's two state law claims.  *See Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) ("A district court 'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction.'") (quoting 28 U.S.C. § 1367(c)(3)).  Accordingly, the Court sua sponte DISMISSES THE COMPLAINT WITH LEAVE TO AMEND.

**ORDER**

IT IS HEREBY ORDERED that:

(1) The Court ADOPTS the R&R's conclusions that Plaintiff's application to proceed in forma pauperis should be granted and that the complaint should be dismissed with leave to amend;

(2) Plaintiff's application to proceed in forma pauperis is GRANTED;

(3) Service of process by the United States Marshal is DEFERRED in light of the dismissal of Plaintiff's complaint;

(4) The complaint is DISMISSED WITH LEAVE TO AMEND;

(5) Any amended complaint shall be filed on or before December 19, 2016;

(6) Leave to amend is limited to the claims set forth in the complaint – Plaintiff may not add new claims or parties without obtaining leave of the Court.

Dated:  November 18, 2016

_____
BETH LABSON FREEMAN
United States District Judge